CHAPIN & GORE

v.

WILLIAM WALSH.

*Personal Injuries—Servant of Ice Company—Negligence of Customer —Pleading—Evidence.*

The owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons, they using due care, for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public or those likely to act upon such invitation.

2. In an action brought by a servant of an ice company to recover for personal injuries alleged to have been suffered while delivering ice to one of its customers, by reason of the negligence thereof, this court holds that the allegations of the declaration are unsupported by the proof, and that the judgment for the plaintiff can not stand.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. C. H. REMY and CHARLES C. GILBERT, for appellants.

Mr. EDMUND FURTHMANN, for appellee.

WATERMAN, J. The declaration in this case charges that appellee, Walsh, was in May, 1887, in the employ of the Lincoln Ice Company, a corporation, engaged in the business of selling and delivering ice, and that appellants were purchasers from it; that appellee was engaged in delivering ice from a wagon of the ice company at the rear of appellants' place of business; that part of his duties was to place the ice in a storage vault on the upper floor, and that prior to the 24th day of May, 1887, he transported ice to the vault by means of a freight elevator; that on the 24th of May, 1887, while in the performance of his duties, he had brought to the appellants' store a load of ice, and that he was ready to deliver the same by means of the freight elevator, but that appellants wilfully and negligently failed and refused to furnish him the use of said elevator, but wilfully and negligently provided the plaintiff with a certain other appliance for transporting from said wagon the ice which he had there for delivery, and that the appliance consisted of a certain pulley, block, tackle, clamp and attachments, said pulley-appliance consisting of a block affixed in the wall of said premises of defendants, and through which passed a rope, over a wheel or pulley, one end of which rope was to be attached to said blocks of ice, and the other end of which rope was to be attached to a horse or other power, so that, by drawing down with one end of said rope, the ice attached to the other end could and would be elevated or hoisted above to the said storage vault; that then and there plaintiff annexed a certain block of ice, of the weight of between one and two hundred pounds, and by means of said horse-power and the ordinary and usual mode of operating said appliance, said plaintiff, at the instance and direction of said defendants, was engaged in elevating and raising said piece of ice, by means of said appliances, up to said place for storage, when, without the negligence of the plaintiff, and while he was in the exercise of ordinary care in said work, the said pulley broke from its fastenings to said wall and fell out of its place, and fell to the ground, then and there and thereby causing the said piece of ice to drop and fall, by means of which premises said piece of ice, and the said appliances attached to

the same, and large parts and pieces of brick and mortar fell upon plaintiff; that said falling of said ice and tackle, bricks and mortar, was caused by the negligent and unskilled construction by defendants of said appliance, and more particularly by the negligent and imperfect and dangerous manner whereby said block and pulley then and there had been and was attached and fixed to said wall, of which imperfect and dangerous condition thereof this plaintiff then and there had no notice. That the defendants knew the foregoing premises, and wrongfully, wilfully, knowingly and negligently suffered plaintiff to do and perform his said acts in operating said appliance, and in raising said ice.

More than two years after the injury two counts were added to the declaration; to these the statute of limitations was pleaded. The court in its instructions limited the jury to a consideration of the matters set up in the declaration as first filed.

The evidence upon the part of appellee was that the block, tackle, rope and power used in hoisting the ice were furnished by the Lincoln Ice Company, being brought along with the wagon; that the employes of the ice company, of whom appellee was one, fastened the block to a projecting hook or arm affixed to the top of the wall, and taking one of the horses from the wagon, hitched it to one end of the rope; that appellee got a boy from the alley to lead the horse, and he attaching the ice to one end of the rope, the horse pulling at the other, the ice would thus be drawn up, whereupon his fellow-servant would take it in through an opening in the wall.

There was evidence tending to show that appellants had, at some time, used an elevator for taking up the ice; that appellants' servant, Pease, had refused longer to permit the use of the elevator and had told appellee to take it up outside.

It is clear that it was the business of the Lincoln Ice Company to deliver the ice it sold, and that appellee, in what he did, was acting as its servant. There is no evidence tending to show that it was the duty of appellants "to furnish to appellee the use of the elevator," or to furnish appliances of any kind to enable the Lincoln Ice Company to carry out its contract.

Appellants owed to appellee no duty other than that which they owed to any person whom they invited to come upon their premises and to make use of whatever they there found. In delivering or hoisting ice appellee was acting entirely as the servant and in the interest of the ice company, and not for appellants.

Appellants' servant, Pease, may have told appellee to use the hoist, but neither Pease nor appellants had any control over appellee to direct the use of any special means for delivering the ice; the use of the hoist was entirely for the convenience of the ice company, and but for the appliances furnished by it, nothing affixed to the wall by appellants could have been made any use of.

The owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons, they using due care, for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public or those likely to act upon such invitation.   Bennett v. Railroad Co., 102 U. S. 577; Samuelson v. Iron Mining Co., 49 Mich. 164; Powers v. Harlan, 53 Mich. 507; Wharton on Negligence, Sec. 130, 300, 351, 829.

There is evidence in this case tending to show that the wall was not strong enough to permit the hoisting of ice in blocks of 150 to 200 pounds, but there is no evidence that appellants had either knowledge or notice of such condition other than the notice which appellee says he himself gave them.

If the wall was unsafe when used as it was by appellee, the insecurity was well known to him; and this fact neither sustains the charge in his declaration that he was ignorant of its unsafe condition nor brings him within the rule of law that as a licensee invited to make use of the premises, he can only recover for injuries occasioned by danger of which he had no notice.

While, under the theory developed by appellee's evidence, that he was invited to go upon and use the premises of

appellants upon business in which they had an interest, it might be contended that as to dangers known to them and unknown to him they were bound to see that their premises were safe, it can hardly be contended that they in any way undertook to see that the wall of their building was a proper place to which to attach a block and tackle and operate such arrangement by the power of a horse led by a boy picked up in an alley.

The testimony introduced by the plaintiff below showed that the horse hitched to one end of the rope used to draw up the ice was led by a boy he found in an alley; that no guy rope was used to control the course of the weight in its ascent; that the ice when being hoisted struck or caught upon one of the platforms of an adjacent fire escape and chipped off a piece, swung clear, went up five or six feet—the horse was walking—and at once down came the entire hoisting apparatus with a portion of the wall, the plaintiff being struck upon the head by some of the descending substance.

The declaration charges "that the falling was caused by the negligent and unskillful construction by defendants of said appliance, and more particularly by the negligent and imperfect and dangerous manner whereby said block and pulley then and there had been and was attached to said wall, of which imperfect and dangerous condition thereof the plaintiff then and there had no notice."

It appeared by testimony introduced by the plaintiff that with the construction of the block, pulley and rope, appellants had nothing whatever to do, they being furnished by the Lincoln Ice Company, and applied or attached to the hook in the wall by its servants, of whom the plaintiff was one; so that it appeared that the appellants neither constructed, furnished nor applied the block or pulley, nor did it appear that they had either knowledge or notice of the manner in which they were attached to said wall, while the plaintiff knew all about it, having helped to attach them himself.

The rule that allegations and proof must correspond, is well known, and the judgment of the court below must be reversed and the cause remanded.

*Reversed and remanded.*