LaVeer v. Hanke Iron & Wire Works, 187 Ill. App. 481.

his physician in his contract of insurance, *held* in a suit against the society for the insurance that the action of the court in allowing the physician, who was called as a witness for defendant, to refuse to testify on the ground of privilege was reversible error.

---

## James LaVeer, Appellee, v. Hanke Iron & Wire Works, Appellant.

### Gen. No. 19,724.

1. NEGLIGENCE, § 24*—*duty of owner of premises to invitees.* The duty of an owner or occupant to keep premises in reasonably safe condition for invitees does not require that they be kept safe for an improper use or for a use that could not reasonably be anticipated.

2. NEGLIGENCE, § 221*—*when instruction as to duty of owner to invitees misleading.* Where a railroad company had delivered a carload of iron to a manufacturing plant over a switch track which ran to the plant, and while employes of the plant were engaged in unloading the car a switch engine with its crew appeared and ordered such employes to leave the car to permit some switching, and a switchman climbed upon the pile of unloaded iron to uncouple a car from the car which was being unloaded and was injured by the pile of iron giving away, and the switchman brought suit against the Manufacturing Company for the injuries, *held*, that an instruction given for plaintiff authorizing a recovery on the ground that the defendant had invited the railroad employes, including the plaintiff upon the premises and that it was the duty of defendant to exercise ordinary care to keep the premises in safe condition, was misleading and erroneous as not based on the evidence in the case and as not stating the law applicable to the facts.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed July 14, 1914. Rehearing denied July 28, 1914.

THEODORE H. WUNDERLICH, for appellant; JOHN H. KANE, of counsel.

MORSE IVES, for appellee.

---

*See Illinois Notes Digest, Vols XI to XV, and **Cumulative Quarterly**, same topic and section number.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee sued appellant in an action on the case for injuries received by appellee on October 23, 1911. On the trial the jury found the defendant guilty and assessed the plaintiff's damages at three thousand dollars. After denying a motion for a new trial the court entered judgment against appellant on the verdict.

The evidence shows that a switch track from the Baltimore & Ohio Chicago Terminal Railroad Company ran into or by the side of the manufacturing plant of defendant, and that over this track, in the regular course of business, carloads of iron were delivered by the railroad company, plaintiff's employer, to the defendant, and when the cars were unloaded by the defendant they were taken away. The evidence does not show the ownership of the switch track, or whether it was on the premises of the defendant or in the public highway as claimed by defendant. If not on the premises of defendant, it was adjacent thereto.

One or more carloads of iron had been delivered to defendant on the switch track the morning of the accident, and the defendant's employes were engaged in unloading a carload of iron from a gondola car. About eleven o'clock, when about two-thirds of the iron had been removed from the car, a switching crew of the railroad company appeared with a locomotive and car attached and ordered defendant's employes out of the car which they were unloading in order to permit the crew to do some switching. Appellant's employes thereupon took off the slides, or skids, which they were using to slide the iron from the car to the ground, and the switching crew took possession of the car. The plaintiff, a member of the switching crew, then climbed over the pile of iron and stood on it to uncouple the car from the box car standing next to it. When he reached down to take hold of the pin lifter, the iron gave way under his feet and he caught hold of the platform of the gondola car to keep from fall-

ing, and his hand, by reason of the sharp curve in the track, was crushed between the platform and the corner of the box car.

Upon the evidence the question of liability of defendant, appellant, is doubtful to say the least. What duty the appellant owed to the plaintiff under the circumstances shown in the evidence and failed to perform does not clearly appear. In such a case it is important that the rulings of the court in receiving and excluding evidence and on instructions be free from error.

Error is assigned upon the giving of the first instruction requested by the plaintiff, which is as follows:

"1.   The jury are instructed that if you find from the evidence, under the instructions of the court, that the defendant invited the employes of the Baltimore & Ohio Chicago Terminal Railroad Company, including the plaintiff, to come upon and adjacent to its premises pursuant to the business of the defendant, and that such employes, including the plaintiff, went upon and adjacent to said premises in response to such invitation, then, while said employes of said railroad company, including the plaintiff, were upon and adjacent to the premises of the defendant pursuant to its business in response to such invitation, it was the duty of the defendant to exercise ordinary care to keep said premises in a reasonably safe condition for the use of the plaintiff there."

While an invitation to the employes of the railroad company, including the plaintiff as one of them, to go upon the defendant's premises in the business of the defendant may be implied on the facts shown in the evidence, and that thereupon it became the duty of the defendant to exercise ordinary care to keep the premises in a reasonably safe condition for the use of the plaintiff, the evidence fails to show facts and circumstances which would establish or tend to show an implied invitation to the plaintiff to go upon the pile of

iron made in the process of unloading iron from a car, and use it for the purpose of uncoupling cars. It was not a dangerous pile of iron if left alone and not used for a purpose for which it was not designed. The iron was being thrown there for the temporary purpose of unloading it from the cars and removing it to a place of storage nearby. We think no invitation was shown by the evidence to the plaintiff to go upon the pile of iron for any purpose. The mere statement of the plaintiff that it was necessary for him to go upon the pile of iron to uncouple the cars does not raise the duty set forth in the instruction. The duty to use ordinary care to keep the premises in a reasonably safe condition for the use of the plaintiff does not extend to such a pile of iron as the one in question and the use of such pile for the purpose for which the plaintiff used it.

In Sherman & Redfield on Negligence, vol. 3, sec. 706, it is said:

"It is the duty of the owner or occupant of land and tenements to exercise reasonable or ordinary care to keep his premises in a safe condition for the use of those present thereon by express or implied invitation; and for injuries caused by his failure so to do, either in original construction or in maintenance and preservation, he is liable to one himself exercising reasonable or ordinary care for his own safety."

But the same authors say in the next section (707):

"The owner or occupant of real property is not bound to make it safe for a purpose which is unlawful or improper, or for which he could not reasonably anticipate that it would be used, or in a mode for which it was obviously never designed, even though such use was intended for his benefit   *   *   *.

Insufficiency for a purpose not contemplated is, in truth, no defect at all."

Where a tenant used a fire escape for a balcony, and in consequence of overweighting it fell, the landlord was held not responsible, even though it might have been out of repair. *McAlpin v. Powell*, 70 N. Y. 126.

To the same effect is *Chapin & Gore v. Walsh,* 37 Ill. App. 526.

The instruction is not based on the evidence in the case. As applied to the facts shown it does not state the law. It is, therefore, misleading and erroneous.

For the reasons given above in discussing the first instruction to the jury, the instruction given under the additional count was erroneous.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*