# COBERTH *v.* GREAT ATLANTIC & PACIFIC TEA COMPANY.*

DANGEROUS PREMISES; NEGLIGENCE; INSTRUCTIONS TO JURY; CHARGE TO JURY.

1. In an action against a storekeeper by a customer injured in the defendant's store by falling through a trapdoor in the rear of the store, where the defendant's testimony tends to show that the plaintiff was requested not to go in that part of the store, but did so, it is not error for the trial court to refuse a special instruction asked by the plaintiff to the effect that, even if the plaintiff was so requested, it was a question for the jury whether the plaintiff used that degree of care and caution under all the circumstances that a person of ordinary prudence would have used under the circumstances.

2. The liability of an owner of premises for their condition, to one on the premises by his invitation, is coextensive with such invitation; and a request by the owner of such person not to go upon a certain part of the premises is as effective as a command, in withdrawing the implied invitation theretofore existing.

3. Although there is evidence in a personal injury action from which the jury may find knowledge on the part of the defendant of the plaintiff's presence in a place of danger, it is not reversible error for the trial court in its charge to say that he recalls no evidence to that effect, where the court does not take the question from the jury, but tells them that they are entitled to pass upon the evidence themselves. (Citing *Washington Gaslight Co.* v. *Poore,* 3 App. D., C. 139.)

No. 2225. Submitted February 7, 1911. Decided March 6, 1911.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for alleged personal injury.

*Affirmed.*

*Negligence—Dangerous premises.*—For a presentation of the cases relating to the duty of store or shop keeper toward customer, as to condition of premises, see note to *McDermott* v. *Sallaway,* 21 L.R.A. (N.S.) 456.

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment upon the verdict of a jury for the defendant, the Great Atlantic & Pacific Tea Company, a corporation, in an action for personal injuries alleged to have been sustained by the plaintiff, Annie A. Coberth, by reason of the negligence of the defendant in leaving open and unguarded a trapdoor in the back of its store, through which the plaintiff fell.

The defendant corporation, on February 6th, 1909, was operating a retail store at Thirty-First and M streets, N. W., in this city. It appears that the company gave its customers, with their purchases, tickets which the company subsequently received in exchange for china and crockery ware, a sort of premium arrangement. These premiums were kept in the back of the store, and customers were permitted to inspect them upon all days when the store was open, except Saturdays, when, owing to the increased trade and the congested condition resulting therefrom in that part of the store where the premiums were displayed, tickets were not exchanged. A notice to that effect was posted in the store. The back part of the store was separated from the main part by a flour counter, with a 3-foot opening therein. There was evidence that upon the occasion in question there were barrels about this opening, so that a space remained something less than 1 foot wide, through which ingress to the back of the store could be made. Near the stand where these premiums were kept was a trapdoor large enough to admit a sugar barrel, and which was left open on the day of the accident.

The evidence on behalf of the plaintiff was to the effect that she went to the store on the evening of said day, made some purchases, received some tickets therewith, and then informed the clerk that she would like to exchange tickets that she had brought with her for dishes; that the clerk assented; that they went back to where the premiums were displayed; that she did not like the cup which the clerk showed her, and that, in attempting to reach for another, she fell through the trapdoor,

which, of course, she had not seen; that she did not know that tickets were not redeemed on Saturdays, nor was she so informed. One witness testified in corroboration of plaintiff.

The evidence on behalf of the defendant tended to show that the plaintiff was informed that tickets were not redeemed on Saturdays, and that, upon her insistence that she needed cups for Sunday, the clerk who waited upon her told her to stay where she was (in the main part of the store), and he would bring her what she wanted; that thereupon he brought out some cups and saucers, which did not suit her; that the clerk started to get more, and that, when plaintiff started to follow, he told her to stay where she was and he would bring them to her; "that he went on back, and that she followed him back; that he did not see her; that he went behind the crockery stand to get some cups, and that is the last he knew of it until he found her down in the cellar." The manager of the store testified that he also said to plaintiff: "Do not go back; he will bring them to you." Two other witnesses, one not connected with the defendant in any way, testified to the same effect.

Counsel for the plaintiff prayed the court to instruct the jury in substance that the plaintiff was justified in going into the back part of the store, unless the jury should find "from all the evidence in the case that she was instructed not to go back where the trapdoor was located. Then, in that event, it would be a question you would have to determine as a matter of fact whether the plaintiff used that degree of care and caution under all the circumstances of the case that a person of ordinary prudence and caution would have used under all the circumstances in the case." This request the court refused, and exception was noted. The court charged the jury, as requested by the defendant, that if they believed "from the evidence that any of the agents or employees of the defendant warned or requested the plaintiff not to come upon that portion of the premises where the trapdoor in question was located, but that the plaintiff disregarded this warning or request, and of her own accord and without the knowledge of the defendant company or its agent, entered upon that portion of the premises

where said trapdoor was located, and became injured in consequence by falling through said trapdoor, their verdict must be for the defendant." The plaintiff noted an exception to this portion of the court's charge.

In the course of its general charge, the court told the jury that the duty of the defendant to provide the plaintiff a reasonably safe place in which to transact her business did not extend to that part of the store into which she was warned or requested not to go. The court continued: "Of course, if she went there and the defendant saw her there, then there would be a duty arising which would be the reasonable exercise of caution on the part of the defendant to prevent the accident; but I ought to say, so far as my own view of the testimony is concerned, that I know of no evidence in this case which shows that the defendant company knew that she was there, so far as that phase of the case is concerned, unless you take the view of the plaintiff in this case that she was never prevented from going there. You are entitled to pass upon the evidence yourselves. The court may give you its views of the evidence; but it is not binding on you. You are entitled to believe or disbelieve any part of the evidence that you find in the case." To this part of the charge the plaintiff also excepted.

*Mr. W. Gwynn Gardiner* for the appellant.

*Mr. Charles A. Douglas, Mr. Gibbs L. Baker, Mr. H. H. Obear,* and *Mr. C. Colden Miller* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Plaintiff's right of action necessarily grows out of the implied invitation of the defendant to her to enter and to walk about its store, and the corresponding duty which devolved upon the defendant to see that its store was a reasonably safe place. It follows, therefore, that the real question in this case is whether what was said to the plaintiff upon the occasion in question amounted to a withdrawal of the invitation to enter

that part of the store where the prizes were kept. Under the
evidence it is apparent that customers, on every day the store
was open except Saturday, had the right to expect that both
the main and back part of the store would be kept in a reason-
ably safe condition; but if the defendant expressly withdrew
its implied invitation to the plaintiff to visit that part of the
store where prizes were kept, the plaintiff, to the extent of her
disregard of such notice, became a mere licensee, and unless
the defendant was guilty of active or wilful negligence, which
in view of the finding of the jury cannot be here asserted, it is
not responsible for the ensuing injury.

The plaintiff insists that the jury should have been permitted
to find not only whether she was notified not to go back where
the trapdoor was located, but also whether the plaintiff, in
view of the nature or character of such notice, exercised that
degree of care and caution demanded of her; in other words,
that, notwithstanding the jury should find that the defendant
expressly withdraw its implied invitation to the plaintiff to
enter the rear of its store, where this danger existed, and not-
withstanding that she, without the knowledge of the defendant,
disregarded such express notice of withdrawal, and placed her-
self in a position of peril, the jury should be permitted to
speculate whether the defendant ought not to have gone further
and assigned a definite reason for its action. We are unable
to assent to this doctrine.

In *Pierce* v. *Whitcomb,* 48 Vt. 127, 21 Am. Rep. 120, the
parties were farmers. Plaintiff went to the defendant's late
in the evening to buy a few bushels of oats. While the defend-
ant had no oats to sell, he finally consented to accommodate
the plaintiff. Thereupon the parties repaired to the defend-
ant's granary, which was always kept locked, and went to the
upper floor, where the oats were. While the defendant stepped
back to get a measure, plaintiff walked about the floor in the
dark, fell through a hole therein, and was injured. It was held
that the defendant was not liable for the injury, the court say-
ing: "The plaintiff was permitted there [in the granary] for
one simple, specific matter of business,—to take 6 bushels of

oats; the oats were shown him; to facilitate the delivery, the defendant went for his measure; he left the plaintiff at the oats, where he should be in the dark, but in a safe place. The oats could be delivered at no other place, and no other matter of business was permitted to him there. If, for curiosity or other motive, he chose to occupy that moment in the darkness in wandering about the granary, * * * he was doing what he was not invited or permitted to do, and what was no part of the business in hand; and we think this departure was of his motion and at his risk."

In *Ferguson & P. Co.* v. *Ferguson*, — Ky. —, 114 S. W. 297, it was held that a sawmill company operating a wood conveyer from its mill to the wood yard is not liable to a purchaser of wood for injuries received by the fall of a stick of wood from the conveyer while such purchaser was loading his wagon at a place and in a manner not intended for such loading. The court said: "When the defendant invited the plaintiff to haul its wood, it only invited him to use that part of its yard that was provided for that purpose; and if he did not use the premises intended for his use, and put himself in a dangerous position, standing where he was not intended to stand, he took the risk, and cannot recover."

In *Ryerson* v. *Bathgate*, 67 N. J. L. 337, 57 L.R.A. 307, 51 Atl. 708, plaintiff was the possessor of a cat of which she desired to be rid. Thereupon, the plaintiff arranged to give the cat to the defendants, who ran a meat shop. Plaintiff's first attempt to deliver the cat was unsuccessful, owing to its escape upon plaintiff's arrival at defendants' shop. Plaintiff made another attempt, and upon arriving at defendants' shop told them to put the cat in a closet, or it would run away. Thereupon, she was told "put her in there." Plaintiff supposed "in there" to be a closet, stepped inside without looking, and fell downstairs. The court held that it was incumbent upon the plaintiff not only to show "that her entry upon the premises was by invitation of the owner, but also that at the time the injury was received, she was in that part of the premises into which she was invited to enter, and was using

them in the manner authorized by the invitation, whether express or implied. Her right of recovery was denied. See also *Glaser* v. *Rothschild,* (1909), 221 Mo. 180, 22 L.R.A.(N.S.) 1045, 120 S. W. 1, 17 A. & E. Ann. Cas. 576.

The general rule to be deduced from these and other cases is that responsibility in a given case extends no further than the invitation; in other words, that the owner's liability for the condition of his premises in coextensive with his invitation. The court in effect so charged the jury in the present case, and whether the language employed by the defendant's servants amounted to no more than a request that the plaintiff refrain from entering a well-defined part of the store is immaterial. Such a request, if clearly expressed, was quite as effective as a command to withdraw the implied invitation theretofore existing.

While there was evidence from which the jury could have found knowledge on the part of the defendant of the plaintiff's presence in the place of danger prior to the accident, the court's charge did not take that question from the jury. The learned trial justice merely said to the jury that he recalled no evidence to that effect. He expressly told them that they were entitled to pass upon the evidence themselves. Owing to the weight given to the jury to any expression of opinion by the trial judge, the interests of justice require that he should "be careful to avoid any remarks which might tend to convey the impression to the jury that he has an opinion with respect to the proof of any disputed fact that has been submitted to them for decision." *Washington Gaslight Co.* v. *Poore,* 3 App. D. C. 139.

The court in the present case correctly laid down the law, and told the jury that they were free to consider the evidence for themselves. In the Federal courts this is sufficient. "Argumentative matter * * * should not be thrown into the scales by the judicial officer who holds them," and "as the jurors are triers of facts, expressions of opinion by the court should be so guarded as to leave the jury free in the exercise of their own judgments." *Starr* v. *United States,* 153 U. S. 614, 38 L. ed. 841, 14 Sup. Ct. Rep. 919. It is clear that

/he trial court in the present case did no more than give expression to his recollection of the testimony concerning one phase of the case, leaving the ultimate decision of the question of fact where it belonged.

Judgment affirmed, with costs.           *Affirmed.*