## WARD v. S. KANN & SONS CO.
### No. 372.

Municipal Court of Appeals for the District of Columbia.
June 17, 1946.

---

[2] The first and second preliminary drafts of the Federal Rules contain full and instructive notes on the subject.

Donald S. Caruthers, of Washington, D. C. (E. W. Mollohan, Jr., and Robert W. McMillan, both of Washington, D. C., on the brief), for appellant.

Edward B. Williams, of Washington, D. C. (Howard Boyd, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

HOOD, Associate Judge.

At the trial below plaintiff's evidence showed the following. Plaintiff was shopping in defendant's department store, and after making some purchases went to the lunchroom in the basement floor. She walked to the lunch counter, put her packages on the counter, looked at the menu above the counter, and then attempted to seat herself on a stool without observing that the seat of the stool had been removed. As a consequence she fell backwards and her thigh was caught in a hook attached to the post of the stool. The hook inflicted a wound on her leg which required ten stitches.

Defendant offered no evidence and the case was submitted to the jury on the plaintiff's evidence. A verdict in defendant's favor was returned and plaintiff has appealed.

■ The general principles of law applicable to a situation of this sort are well established. A shopkeeper has the duty "to exercise ordinary care to maintain the premises in reasonably safe condition"; and a customer has the duty of "exercising ordinary care for his own safety." Lippman v. Williams, 79 U.S.App.D.C. 334, 147 F.2d 150, 151.

■ It is argued here that since the defendant offered no evidence, plaintiff was entitled to a directed verdict, and that it was error to submit to the jury the issue of contributory negligence. Under the circumstances of this case, hereafter stated in more detail, we think the question of the defendant's negligence was one of fact for the jury and the court was correct in denying plaintiff's motion for a directed verdict. And the court was likewise correct in submitting to the jury the question of contributory negligence. It is true that contributory negligence is an affirmative defense and the burden of proving it was on defendant; but defendant could avail itself of any evidence supplied by plaintiff, and if plaintiff's own testimony raised the issue of contributory negligence that issue was one for the jury. Baltimore & Potomac Railroad Co. v. Carrington, 3 App. D.C. 101; Baltimore & Potomac Railroad Co. v. Webster, 6 App.D.C. 182; J. Maury Dove Co. v. Cook, 59 App.D.C. 61, 32 F.2d 957; Indianapolis & St. Louis Railroad Co. v. Horst, 93 U.S. 291, 23 L.Ed. 898. Here plaintiff's own testimony disclosed that she attempted to seat herself on a stool without observing that the top had been removed from it. This raised the question of contributory negligence, and, even in the absence of evidence on behalf of defendant, the question was properly submitted to the jury.

One other assignment of error requires our consideration. The evidence disclosed that the lunch counter, sometimes referred to in the testimony as a fountain, was a long straight counter running parallel with the wall, with a row of stools in front for customers. Each stool consisted of an upright post and a removable seat. Attached to the post were two hooks on which customers could hang pocketbooks, bags, etc. Sometime prior to the accident the seats had been removed from approximately six stools near the center of the counter, leaving standing the posts. These posts were not roped off but at each end a complete stool, seat and post had been removed. When plaintiff approached the counter there were people sitting on the stools both to her right and left, and she attempted to sit on a post at or near one end of the group from which the tops had been removed. In the plaintiff's own language she "expected a seat to be there" and "did not observe there was no seat there."

■ ■ Although plaintiff testified she saw no sign, her witness, an employee of the store, testified there was a sign fastened "to the top of the fountain" over the section where the seats had been removed, indicating that that section was closed. On

the basis of this testimony, at defendant's request, the court charged the jury: "You are instructed as a matter of law that if you find from the evidence that signs had been placed at the section of the defendant's fountain which was closed off indicating this fact to the general public, and that a reasonably prudent person could not have helped but observe these signs, in the exercise of due caution, then it is your duty to return a verdict for the defendant."

We think this charge was erroneous in several aspects. First, it assumed that from the evidence the jury could find there were "signs", although the only witness who testified as to any sign said he saw only one sign. Second, it assumed that the section of the fountain "was closed off" though there was no evidence that the section was closed off in any usual meaning of such phrase. Third, the charge in effect told the jury that if a sign was there and plaintiff in exercise of reasonable care should have seen it, the verdict must be for the defendant. The defect in this is that the evidence did not disclose the size of the sign, its location other than that it was "fastened to the top of the fountain," or its specific wording. The most that can be said is that there was evidence of a sign "indicating that this section was closed" but the evidence left the jury to speculate whether the sign indicated that the section of the counter or fountain was closed, meaning that customers would not be served there, or whether it indicated that customers should not approach or attempt to sit at that section. Undoubtedly if there was a sign indicating that the section was closed, and such a sign was of a size and in a position where plaintiff in the exercise of due care would see it, this was evidence to be considered by the jury both on the question of defendant's negligence and plaintiff's contributory negligence, but the existence of such a sign would not as a matter of law, as charged by the court, prevent plaintiff's recovery. It was merely one of the factors to be considered by the jury. Cf. Young Men's Shop v. Odend'Hal, 73 App.D.C. 354, 121 F.2d 857.

To support the correctness of the charge defendant relies on Coberth v. Great Atlantic & Pacific Tea Co., 36 App.D.C. 569; but in that case there was evidence that both an employee and the manager of the store had warned or requested the customer not to go to that portion of the store where the accident happened. Here there is no testimony as to the express wording of the sign and it cannot be said that the customer was warned or requested not to attempt to use the seats. The stools from which tops had been removed were not in an isolated or closed-off portion of the store but were in that portion assigned for the use of customers. As far as the evidence disclosed, the sign may have indicated only that customers would not be served at that portion of the counter but would not warn a customer that the seats could not safely be used while examining the menu or waiting for a seat at those portions of the counter where service could be had.

The error in the court's charge requires that the judgment be set aside and a new trial awarded.

Reversed.