THE NEW YORK AND NEW JERSEY TELEPHONE COM-
PANY v. MAHLON SPEICHER.

A telephone company used the lower two cross-bars attached to a telegraph
pole to carry its wires. The city of Jersey City used the topmost
cross-bar attached to the same pole to carry the wires of a fire alarm.
A lineman, in the employ of the city, in descending the pole, sup-
ported himself by one of the lower cross-bars, which gave way with
him, causing him to fall. *Held,* that assuming that the telephone
company invited the agents of the city to use the pole for the purpose
of putting up or repairing the city wires, it owed no duty to them to
maintain the cross-bars (the purpose of which is to carry wires) of suf-
ficient strength to support them in ascending or descending the pole.

On error, &c.

Speicher, the defendant in error, while in the employ of
Jersey City as a "lineman," climbed a telegraph pole to do
some work upon wires of the city fire department, which were
carried by the topmost of three cross-bars. The lower two
cross-bars carried wires of the New York and New Jersey
Telephone Company, the plaintiff in error. When Speicher
descended the pole, he took hold of one of those cross-bars,
which gave way and he fell.

Argued at February Term, 1896, before BEASLEY, CHIEF
JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Depue & Parker.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

MAGIE, J. The only assignments of error which need be
considered are those based on the exceptions to the refusals
to nonsuit and to direct a verdict for defendant below. These
present the question whether the evidence established a liabil-
ity to Speicher on the part of the telephone company.

It was conceded that there was no contractual relation between them, for he was the employe of the city and not of the telephone company.

Proof that the pole from which Speicher fell had been erected by the telephone company or was owned by it, and that it was maintained in a public street upon condition that the topmost cross-bar should be used by the city to carry the fire alarm wires, might justify an inference that the telephone company invited the city's agents to use the pole and that cross-bar in stringing, repairing and caring for those wires. The argument for Speicher assumes that there was such evidence. I find it difficult to discover it in the bills of exception, for those show that the pole was erected by another company, and fail to show that the telephone company have any property or possessory right in said pole, except that they support their wires on the lower two cross-bars.

But if it be assumed that the telephone company is shown by the evidence to have sustained to Speicher the relation that one sustains to another who has been invited to come upon his premises, the duty devolving upon the former is only to take reasonable care that what the other is to use is reasonably safe for such use. If the visitor is invited to use a path, for example, his inviter will not be liable for an injury sustained by the visitor at other places to which he has gone without invitation. *Phillips* v. *Library Company*, 26 *Vroom* 307.

Assuming that the telephone company invited Speicher to mount and descend the pole in discharging his duties to the city, in regard to its wires, what did it invite him to make use of in going up and coming down? Clearly, it would be held to the duty of reasonable care as to the strength and fitness of the pole to carry the wires and the workman engaged in arranging and repairing them.

But the sole object of the cross-bars is to carry the wires. He who maintains the cross-bars does it for that purpose, and his duty is thus limited. It is not perceived how his duty in that respect is extended by proof that linemen, in climbing, usually lay hold of and rely upon the cross-bars for support,

in whole or in part. That custom is not, in this case, brought home to the knowledge of the telephone company, but if it were it could not operate to compel them to make cross-bars intended for one purpose sufficiently strong for another purpose for which they were never intended. No invitation to use the cross-bars can be deemed to be extended to the lineman. When, therefore, a lineman makes use of a cross-bar in climbing, he steps beyond the limit of his invitation, and he who invited him to climb by the pole has no liability for any resulting injury.

It results that it was error to permit the jury to consider whether the telephone company took reasonable care to have the cross-bar safe, and there should have been a direction for a verdict for the company, on the ground that it owed no duty to Speicher in respect to the cross-bar.

The judgment must be reversed.