FREDERICK L. SAUNDERS, PLAINTIFF IN ERROR, v. THE EASTERN HYDRAULIC PRESSED BRICK COMPANY, DEFENDANT IN ERROR.

Argued June 27, 1899—Decided November 20, 1899.

1. A master's duty to take reasonable care to have the place in which he directs a servant to work, safe for that purpose, does not require him to furnish a mullion of a window in a flat roof, strong enough to bear the weight or any part of the weight of a servant directed to go upon the roof and replace a pane of glass in the window. His duty in respect to the mullion is limited to the care necessary to have it reasonably safe for the purpose for which it is designed.

2. The liability of such a mullion to break under the pressure required to remove the old putty was as apparent to the servant as to the master, and constituted an obvious danger.

3. If the servant, in removing the old putty, exerted sufficient pressure to break the mullion, when he unnecessarily had put himself in a position which prevented him from supporting himself on the roof, his consequent fall through the window was the result of his negligence.

On error to the Supreme Court.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Norman Grey.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The judgment in this record was founded upon a nonsuit directed by the trial judge at the trial of the issue made by the pleadings. The action was in tort for damages for an injury suffered by plaintiff. The bill of exceptions shows that the direction of the trial judge proceeded upon the ground that the evidence did not establish any liability on the part of the defendant to answer for the injury received by the plaintiff for which he was prosecuting his suit, and upon the further ground that plaintiff's conduct was negligent and his negligence contributed to his injury.

The sole ground of complaint urged for the reversal of the judgment is the alleged error of the trial judge in directing the nonsuit.

At the time the nonsuit was allowed the evidence may be considered to have established the following facts: Plaintiff was a workman in the employ of the defendant. One of defendant's buildings in which it carried on its business had a roof, nearly flat, in which was a "skylight" fitted for two panes of glass, 20 x 40. The skylight was on about the same plane as the roof, and there was what plaintiff calls a "mutton," meaning, no doubt, a mullion, dividing the frame and sustain-

ing the contiguous parts of the panes of glass. One of the panes was broken, and plaintiff, who was a glazier, was directed by someone having authority from defendant to go upon the roof and put a new pane in the place of the broken one. In attempting to do so, plaintiff put his hand upon the centerpiece or mullion and leaned with so much of the weight of his body upon it as to break it. He had assumed such an attitude or position that, upon the breaking of the centerpiece, he fell headforemost through the window and received by that fall the injury of which he complained.

The rule of duty of the master applicable to the case admits of no doubt or dispute. He is bound to take reasonable care to have the place in which he directs his servant to work reasonably safe for the doing of that work, and free from latent or concealed dangers. *Electric Co.* v. *Kelly*, 28 *Vroom* 100; *Comben* v. *Belleville Stone Co.*, 30 *Id.* 226. Had plaintiff received his injury by falling through the .roof on which he was directed to work, by reason of a defect in its construction, he might claim that defendant was liable for his injury, and a question for a jury would arise whether the master, in respect to the construction of the roof, had used the required care. Under such circumstances the roof was a place furnished by the master for his servant to work upon.

But the purpose of the mullion in this skylight was to aid in the support of the panes of glass. The master's duty was to have it so constructed as to reasonably answer that purpose, but it is impossible to discover any ground in reason for imposing upon the master any duty to have it so constructed as to bear the weight or any part of the weight of a servant, although engaged in repairing it.

The duty of the master in this respect is like that of one who invites another to make use of some place or appliance and is limited to the care requisite for the reasonable use thereof for the purposes for which it is designed. *New York and New Jersey Telephone Co.* v. *Speicher*, 30 *Vroom* 23; *S. C.*, 31 *Id.* 242.

Doubtless the work of replacing the glass would have required the use of some force upon the mullion to remove the old putty. The case indicates that the mullion broke under plaintiff's pressure before he had begun to exert force for that purpose. In that aspect it is plain that defendant was not liable for plaintiff's injury, because, as just stated, it owed him no duty to furnish a mullion strong enough to bear his weight or any part of it.

It is now strenuously argued that the evidence may be construed to justify the conclusion that the mullion broke while plaintiff was using force to remove the old putty so as to put in the new glass. I cannot so read the evidence. But if it is capable of that construction, the plaintiff's case is not aided, for the liability of the mullion to break under pressure must have been as apparent to the plaintiff as to his master and the danger of breaking was therefore an obvious one. Moreover, the size of the aperture was such that it was wholly unnecessary for the plaintiff to put himself in peril by exerting upon the mullion a pressure which broke it while he occupied an attitude which prevented his recovering his equilibrium and maintaining his position on the roof. In this respect he was plainly guilty of negligent conduct which contributed to his injury.

The judgment must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.     12.

*For reversal*—None.