GLASER, Appellant, v. ROTHSCHILD, Respondent.

St. Louis Court of Appeals, April 26, 1904.

1. **LICENSE: Contributory Negligence.** Where one on the premises of another, wishing to visit the toilet, groped around in a basement, poorly lighted and obstructed with boxes, and fell into an elevator pit and was injured, he was not, as a matter of law, guilty of contributory negligence which precluded his right of recovery.

2. ————: **Safe Premises.** Plaintiff went to the premises of defendant on business at the latter's invitation and while waiting defendant's leisure, by permission, started to the toilet kept for the accommodation of occupants of the premises only, in the basement, where, while groping around a pile of obstructing boxes in the poorly lighted basement, he fell into an unguarded elevator pit and was injured. *Held,* plaintiff was a mere licensee

and defendant owed him no duty to keep the premises in a safe condition, and, there being no evidence that defendant knew of the boxes obstructing the path.to the closet, he was not negligent in failing to warn plaintiff of the danger.

3. ———: ———: Changing Theory of Liability. Plaintiff having tried his case on the theory of defendant's common law liability, can not, on appeal, claim that, though he was a licensee, defendant was liable under section 6435, Revised Statutes of 1899, for having unguarded the elevator pit, into which plaintiff fell.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer, Judge.*

AFFIRMED AND REMANDED.

*David Goldsmith* and *Sale & Sale* for appellant.

(1) It is not negligent, much less is it conclusive evidence of negligence, to walk or even grope about in a dark place when there is no cause to anticipate danger or risk. Sheyer v. Lowell, 134 Cal. 359; Warner v. Mier, Etc., Co., 58 N. E. 554; Rhodius v. Johnson, 56 N. E. 942; Wendler v. Furnishing Co., 56 Mo. 537. (2) The rule that one who expressly or by implication invites another to come on his premises is under obligation to the latter to keep the premises in a reasonably safe condition, and that the invited person is therefore entitled, in the absence of warning to the contrary, to assume that the premises are in that condition, exists without conflict in all jurisdictions, and has been frequently recognized and enforced in this as well as in other States. Hartman v. Muchlebach, 64 Mo. App. 565; Welch v. McAllister, 15 Mo. App. 492; Carraway v. Long, 7 Mo. App. 595.

*Seddon & Blair* and *Robert A. Holland, Jr.*, for respondent.

(1) The court ruled correctly in sustaining defendant's motion for new trial on the ground that the

court erred in not instructing the jury that under the pleadings and evidence the verdict should be for the defendant. Because the evidence of the plaintiff himself shows that he was guilty of negligence that directly contributed to cause the injuries complained of, and the plaintiff is conclusively bound by his own testimony in the case. State v. Brooks, 99 Mo. 137; Feary v. Railway, 162 Mo. 75; Erwin v. Railroad, 68 S. W. 91; Holmes v. Ledding, 69 S. W. 323. (2) The court ruled correctly in sustaining defendant's motion for new trial on the ground that the court erred in not instructing the jury that under the pleadings and evidence the verdict should be for the defendant. Because the evidence shows that the defendant owed the plaintiff no duty in connection with the said excavation or elevator hole, the said plaintiff at the time being in the said basement as a mere licensee, and as such licensee he had to take the premises as he found them. And defendant owed no duty to the plaintiff to exercise any degree of care in keeping said basement in a reasonably safe condition for the use of plaintiff. O'Brien v. Steel Co., 100 Mo. —; Reardon v. Thompson, 149 Mass. 267; McGill v. Compton, 66 Ill. 327; Stevens v. Nichols, 155 Mass. 472; Converse v. Walker, 30 Hun (N. Y.) 596; Benson v. Traction Co., 77 Md. 535; Sterger v. Van Strickland, 132 N. Y. 499; Heinlein v. Railroad, 147 Mass. 136; Metcalf v. Steamship, 147 Mass. 66; Sweeny v. Railroad, 92 Mass. 372; Parker v. Publishing Co., 69 Me. 173; Faris v. Hoburg, 134 Ind. 269; Evansville v. Griffin, 100 Ind. 221; Severy v. Nickerson, 120 Mass. 306; Pierce v. Whitcomb, 48 Vt. 127.

BLAND, P. J.—The copartnership of Rothschild & Bro. occupied the whole of the building situated on the southwest corner of Eleventh street and Washington avenue, and carried on a business therein as wholesale hat dealers. Albert Rothschild was a member of the firm. On the lower floor of the building were the offices

of the firm and in the basement were toilet rooms kept for the accommodation of the firm, its employees and visitors thereto. The plaintiff had visited the premises on previous occasions and had visited the toilet rooms about two years before January 4, 1901. On the floor of the basement was a large elevator pit, unguarded by railing or otherwise. On the morning of January 4, 1901, defendant telephoned plaintiff to come to the business place of the firm; that he wished to consult him about investing in some stocks. The plaintiff answered the request by presenting himself at the office of the firm a short time after he received the telephone message. When he arrived the defendant was engaged in looking over his morning's mail and asked the plaintiff to wait until he had finished. Plaintiff said: "I will go down to the closet," and the key was handed to him by the direction of the defendant. Plaintiff descended the stairway to the floor of the basement where he found the way to the toilet obstructed by piles of wooden boxes. He undertook to go around these boxes to make his way to the toilet and in so doing fell into the elevator pit and was injured. The suit is to recover damages for the injuries.

The defense was contributory negligence on the part of plaintiff and an allegation that as plaintiff was a licensee on the premises and for that reason defendant owed him no duty.

The verdict was for the plaintiff, which the court, on motion of defendant, set aside and ordered a new trial. From this order plaintiff appealed.

The trial judge filed a memorandum (incorporated in the bill of exceptions) stating the grounds on which he sustained the motion for a new trial. That memorandum is as follows:

"A careful examination of the evidence in this case convinces me that whatever may have been the negligence of the defendant in maintaining an open shaft, and about which negligence there is no question; never-

theless, the act of the plaintiff in continuing his journey when he was met by a darkness which rendered everything invisible, is an act of such contributory negligence on his part as to prevent any recovery in this case.

"As a matter of law, it may well be said that a man of reasonable prudence on the errand which engrossed the attention of the plaintiff, would not have groped around in an unknown cellar without any light and in the face of obstructions. At the least he should have called for, or taken with him, some light to guide him on his way. His action in continuing along a passageway which was absolutely dark must be considered as an act of negligence upon his part which, under admitted principles of law, destroys his right to recover in this action.

"For this reason, the motion for a new trial should be sustained on the thirteenth ground thereof."

The plaintiff in answer to a question put to him by the court said it was absolutely dark in the basement, that he had to grope around in the dark and that he could not see anywhere. In explanation of what he meant by absolute darkness, he said:

"I don't say it was pitch dark, or that I could not see a man when he came up to me. I said there was a little light in through the stairway.

"Q. Poor light, you mean? A. Yes, sir; practically no light.

"Q. Well, what do you call light? You don't want to convey to the jury the idea that cellar was pitch dark, do you? A. No, not exactly, but just simply that you could fall in a hole without seeing it.

"Q. But if a man was six or seven feet in front of you, you could see him. A. Well, hardly, unless the boxes were cleared away."

The evidence offered by the defendant was that there was abundant light in the basement. King, the janitor of defendant, testified there was sufficient light to enable him to see to drive a four-penny nail and to read a newspaper.

Glaser v. Rothschild.

1.   We do not think the plaintiff's evidence,, considered as a whole, conveys the idea that total darkness prevailed in the basement; that there was no light whatever, but that it was so dark one feeling his way around boxes might not see the elevator pit and fall into it; that there was a partial, not absolute darkness.   Plaintiff testified that light flowed into the basement from the stairway and according to the evidence of King, the janitor, there was a large window in the back end of the building which afforded an abundance of light in the basement.   We conclude that the evidence, considered as a whole, did not warrant the finding of the learned trial judge that the basement was absolutely dark, or that plaintiff can, as a matter of law, be said to have been guilty of such contributory negligence as to preclude his right of recovery.

2.   It is contended by the defendant that the invitation to plaintiff was to the office of the firm alone; that he went into the basement at his own request and for his own accommodation, and though, by permission of defendant, he was, under the circumstances, in the basement as a mere licensee, and therefore the defendant owed him no duty to keep the premises in a reasonably safe condition, and that for this reason he should have been nonsuited.

There is no evidence showing or tending to show that the toilet was maintained for the use of any and all persons who might come upon the premises to transact business with the defendant, or that it was made accessible to such persons; on the contrary, the fact that it was kept locked and the key retained in defendant's office shows that it was set apart for the use of the occupants of the premises and was not open for the use of visitors to the defendant's place of business and could not be used by them except by permission of defendant on special request.   In such circumstances it can not be said that the toilet was a part of the premises kept in part for the use of any one who came upon the premises

to transact business with defendant. It was not like a store or salesroom used in a business to which customers are invited to go to transact business with the proprietor. The place on defendant's premises, to which plaintiff was called by telephone message, was to the business office. The business he was asked to transact was such as would ordinarily be transacted in an office, therefore, his invitation was to the office and not elsewhere. The use of the toilet was in nowise connected with this business and he had no invitation to go there. Permission to go was given him at his own request, and the place being maintained for private purposes only, it seems to us the plaintiff was a mere licensee and that defendant owed him no duty to keep the premises in a safe condition. The law in respect to a licensee injured on the premises of another is well stated by the Supreme Court of Massachusetts in the case of Sweeny v. Railroad, 10 Allen l. c. 372, as follows:

"In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty towards the plaintiff, which the defendant has left undischarged or unfulfilled. This is the basis on which the cause of action rests. There can be no fault, or negligence, or breach of duty, where there is no act, or service, or contract, which a party is bound to perform or fulfill. All the cases in the books, in which a party is sought to be charged on the ground that he has caused a way or other place to be encumbered or suffered it to be in a dangerous condition, whereby accident or injury has been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty or obligation has been violated. Thus a trespasser who comes on the land of another without right can not maintain an action, if he runs against a barrier or falls into an excavation there situated. The owner of the land is not bound to protect or provide safeguards for wrongdoers. So a licensee, who

enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant, can not recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk, and enjoys the license subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come upon them by the purpose for which the premises are appropriated and occupied, or by some preparation or adaptation of the place for use by customers or passengers, which might naturally and reasonably lead them to suppose that they might properly and safely enter thereon.''

This case is well supported by the following other decisions:

''An open hole in the earth, which is not concealed otherwise than by the darkness of the night, is a danger which a mere licensee going upon the land must avoid at his peril.'' Reardon v. Thompson, 149 Mass. 267.

''Where the defendants opened a paved private way into a public street without putting up any sign to notify travelers that the passageway was not a public way, and the plaintiff, who was not shown to have any right in the passageway unless as one of the public, while on his way to premises beyond those of the defendants, was injured by driving over a curbstone in the passageway hidden by snow, no active force being used against him, it was held that the plaintiff was at most but a licensee, and went upon the defendants' land at his own risk.'' Stevens v. Nichols, 155 Mass. 472.

''Where the president of a corporation on the request of the principal of a school gives permission to a class of thirty or more students to visit the company's powerhouse, for the purpose of viewing and examining the works and machinery therein contained, such students are mere licensees, to whom the company is under

no obligation to provide against the danger of accident." Benson v. Baltimore Traction Company, 77 Md. 535.

"Where one enters upon the premises of another as a mere licensee, without any enticement or inducement, he does so at his own risk, and as to him the owner owes no duty of care or vigilance." Sterger v. Van Sticklen, 132 N. Y. 499.

"Where two persons owning adjoining tracts of land, not separated by any division fence, for the purpose of avoiding the expense of erecting and maintaining such a fence, mutually agree that the stock of each might pasture, in the fall of the year, on the land of the other, it was held that the agreement, in the absence of a special contract to that effect, imposed no liability on the parties to protect from injury the stock of one while on the land of the other, as, where there was a slough well on the premises of one, around which there was no protection, and a horse of the other fell into the same and was drowned, the owner of the well was not liable for the injury." McGill v. Compton, 66 Ill. 327.

"Where one merely permits others, for their own accommodation to pass over his lands, he is under no legal duty to keep them free from pitfalls or obstructions which may result in injury." The Evansville and Terre Haute Railroad Company v. Griffin, 100 Ind. 221.

In the case of O'Brien v. Western Steel Company, 100 Mo. 182, the court said: "An employee of defendant familiar with the construction of its elevator used in its business only for transporting material, and who rides thereon under an implied license for his own pleasure and convenience, can only require of defendant the exercise of ordinary care in its operation." That as a mere licensee to use the elevator, he accepted whatever risk was incident to the construction and operation of the elevator.

In Bentley & Gerwig v. Loverock, 102 Ill. App. 166, it was held: "A mere naked license or permission to enter premises of another will not create, in favor of the

licensee, or impose upon the person who grants the permission, any obligation to provide against dangers or accidents which may arise out of the existing condition of the premises.''

Muench v. Heinemann, 96 N. W. (Wis.) 800, was a case where plaintiff went on defendant's premises to transact private business with defendant's employees, in which defendant had no interest. Defendant directed him to take an elevator on the premises maintained by him (defendant). Plaintiff was injured on account of a defect in the construction of the elevator. It was ruled that plaintiff was a mere licensee to use the elevator and in the absence of proof of active negligence on the part of defendant he could not recover. Substantially the same ruling was made in Chesley v. Rocheford & Gould, 96 N. W. (Neb.) 241.

Ryerson v. Bathgate, 51 Atl. 708, is another case illustrating the rule. In that case the defendants were keepers of a meat shop, which was in charge of one Silvernail. Plaintiff was the owner of a domestic cat, of which she wished to be rid. This fact she communicated to Silvernail, who told her that the defendants needed a cat and suggested that she bring it over to the shop. This she did a few days later. On arriving at the shop with the cat, Swift, one of the defendants, and Silvernail were present. The cat jumped from the arms of the plaintiff and ran home. Swift said to her, ''You must bring her over later,'' and in a few days plaintiff again carried the cat over and on entering the shop found Silvernail there alone. She told him that he must put the cat in a closet or it would run away again. Silvernail thereupon walked to the opposite side of the room, opened a door and said: ''Put her in here.'' Plaintiff supposed it to be a closet, as she had requested him to put the cat in a closet. She testified that Silvernail only partially opened the door so she could just get the cat in and that she ran and stooped to put the cat down and did not see behind the door because it was

partly dark; that she had the cat in her arms at the time and it was scratching at her and she was anxious to get the cat out of her arms; that she did not look in but took it for granted that the door opened into a closet. The door opened upon a flight of stairs leading into a cellar and plaintiff stepped in without looking and fell down the stairs and sustained injuries. The suit was to recover for these injuries. It was held that the plaintiff exceeded the invitation and in so doing became a mere licensee; that she was injured because she inferred without warrant that she might safely enter through the door and because she thereupon did enter without taking observations herself or making further inquiry, and being a mere licensee she could not recover.

In De La Pena v. Railroad, 74 S. W. (Court of Civil Appeals of Texas) 58, the plaintiff, for the purpose of getting around defendant's cars, which obstructed certain street crossings, took a path running along the right-of-way, which was generally used by the public with defendant's knowledge, and acquiescence and broke his leg by stepping into a hole or open drain. It was held that he was a mere licensee, to whom defendant owed no duty to keep the path in a safe condition.

It is a general principle of law that a mere licensee going upon the premises of another takes the premises as he finds them and runs such risk as is incident to their condition. Manning v. Railroad, 16 L. R. A. 271; Redigan v. Railroad, 14 L. R. A. 276; Smith v. Bauer, 5 L. R. A. 580; O'Leary v. Elevator Co., 41 L. R. A. 677; Reardon v. Thompson, 149 Mass. 267.

It seems to us that some of these cases, notably Ryerson v. Bathgate, supra, draw hair splitting distinctions between a mere licensee and one on the premises by the invitation of the owner. But no such difficulty is presented by the evidence in this case, which clearly shows that plaintiff was a mere licensee on that portion of defendant's premises where he was injured. There

is no evidence that Rothschild knew the way to the closet was obstructed by the piles of boxes, hence there is no evidence tending to show that he was negligent in failing to warn the plaintiff of these obstructions and to look out for the pit. On the theory of the case as tried plaintiff is not entitled to recover and the judgment is affirmed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur. .

### OPINION ON MOTION FOR REHEARING.

BLAND, P. J.—Appellant in his brief on motion for rehearing contends that, notwithstanding plaintiff was on the premises of respondent as a mere licensee when hurt, yet by virtue of section 6435, Revised Statutes 1899, it was the duty of the respondent to surround the well-hole into which appellant fell with strong guard rails. This statute was not relied on at the trial, but the cause was tried by appellant on the theory that respondent was guilty of negligence as at common law; having tried the case on that theory, appellant can not shift his position on appeal by calling to his aid a statute which he neither specifically pleaded or relied on at the trial. *Reyburn* and *Goode, JJ.,* concur.