CHARLES S. ACKLEY, PLAINTIFF IN ERROR, v. WEST JER-
SEY AND SEASHORE RAILROAD COMPANY, DEFEND-
ANT IN ERROR.

Submitted July 12, 1908—Decided November 16, 1908.

1. A notification given by a railroad company to a consignee of
   freight of its arrival, and that if he desired to avoid the payment
   of demurrage he should unload it within a fixed time, is an invi-
   tation to enter upon its premises for that purpose; but where
   the car had been placed on a side track, along one side of which
   there was an unobstructed approach to the car, such invitation
   does not imply the right to place a piece of timber on the car so
   that it projects over the adjacent main line track of the company
   and obstructs the use of that track, although the timber, brought
   upon the premises by the consignee, was used by him in removing
   the freight from the car to his wagon, and the railroad company is
   not liable for injuries caused by a train moving on the main line
   striking the timber and thereby injuring one at work on the car
   being unloaded, where the company had no notice that the timber
   was so placed.

2. The duty of exercising reasonable care which the company owes
   under such circumstances is only co-extensive with the invitation,
   and it is incumbent upon the consignee to show that he was acting
   within the limit of the invitation as intended, by proof of some
   act or conduct by the company that affords a reasonable basis
   for the belief on its part that the invitation authorized him to
   create the situation from which it is claimed the duty arises.

On error to the Supreme Court.

For the plaintiff in error, *Francis D. Weaver.*

For the defendant in error, *Gaskill & Gaskill.*

The opinion of the court was delivered by

BERGEN, J. The case made by the plaintiff was that the
defendant company notified him that a carload of stone con-
signed to him had been received by it, and that he was re-
quired to unload it within a fixed time if he wished to avoid
the payment of demurrage; that plaintiff, with his servants,
went upon the company's property for the purpose of unload-

ing the cargo, and found that the car had been placed upon a side track parallel with the main line track, and that he was able to approach the opposite side of the car without obstruction, and he thereupon caused his wagon to be placed along that side of the car, and proceeded to remove the stone from the car to the wagon; that the stones were so heavy that they could not be taken from the car to the wagon without the use of a piece of timber, which plaintiff supplied from buildings he was erecting in the neighborhood. The timber was placed so as to reach from the car to the wagon in order to shove the stone along the timber from the car into the wagon. The timber was fourteen feet long and was lying across the car when the plaintiff arrived there about a half hour after the unloading had commenced, and he went upon the car to see the size of the stone. The car was a platform car without a cover, and the timber, as placed by plaintiff's servants, extended over the car towards the main line far enough to be struck by a car moving along the main track. While the timber was in this position a shifting engine, moving on the main track, struck the plank with sufficient force to throw it against the plaintiff and injure him, to recover compensation for which this suit was brought. The defendant company had no notice that the timber had been so placed as to project over the main line, nor was any signal given by the defendant company that the engine was approaching. On this state of facts the trial court ordered a judgment of nonsuit, to review which this writ of error was issued. We think that the nonsuit was proper, and that the judgment under review should be affirmed.

The plaintiff was on defendant's premises by invitation, for the placing of the car upon the side track where it could be unloaded, and the notification to unload, was an invitation to go upon the defendant's premises for that purpose, and defendant owed to plaintiff a degree of care co-extensive with it, but the extent of the invitation is the limit of defendant's duty in the premises, and the extent of such duty must be gathered by implication from the circumstances established by the undisputed testimony. We are asked in this case to

infer that because the plaintiff was invited to the defendant's premises to unload a car, such an invitation implied the right to obstruct the passage of trains along a track adjacent to the car being unloaded, with a timber which the plaintiff brought upon the premises for the purpose of moving the stone from the car to a wagon standing on the side of the car away from the main line.

Mr. Justice Garrison, in speaking for this court in *Furey* v. *New York Central and Hudson River Railroad Co.*, 38 *Vroom* 270, said: "Implied invitation, therefore, is a part of the law of negligence by which an obligation to use reasonable care arises from the conduct of the parties; its essence is that the defendant knew, or ought to have known, that something that he was doing or permitting to be done might give rise in an ordinarily discerning mind to a natural belief that he intended that to be done which his conduct had led the plaintiff to believe that he intended. It is not enough that the user believed that the use was intended; he must bring his belief home to the owner by pointing to some act or conduct of his that afforded a reasonable basis for such a belief."

No inference can be drawn from the evidence in this case that the defendant knew, or ought to have known, that when it invited the plaintiff on its premises for the purpose of unloading the car, he would bring there a timber fourteen feet in length and so place it on the car as to project over it a sufficient distance to come in contact with trains passing along another track, and there is no evidence of any act or conduct of the defendant that affords a reasonable basis for the claim that it had led the plaintiff to believe that it intended its invitation to go to that extent. Nor is there any evidence to support a reasonable inference that the plaintiff had any such belief.

The application of the rule always depends upon the particular facts of the case under consideration, for the owner's liability is only co-extensive with his invitation, and it is incumbent upon the plaintiff to show that, at the time the injury was received, he was acting within the limit of his

invitation, and that there was a reasonable basis for a belief, on the part of the inviter, that the invitation implied the right to create the situation under which it is claimed the rule becomes applicable.

In this case the invitation was to go upon the premises, and by necessary implication with horses, wagons and required appliances, to unload the car on the side of it away from the main line, and the mere using of the main track, in the absence of any notification, that in carrying out the purpose of the invitation the plaintiff was about to infringe on that track, was no breach of the invitation given.

The judgment below should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J.   16.

*For reversal*—None.