CLARENCE H. WRIGHT, PLAINTIFF-RESPONDENT, v. GENERAL CERAMICS COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 24, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the defendant-appellant, *John C. Stockel.*

For the plaintiff-respondent, *Huyler E. Romond (John E. Toolan,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. On or about February 27th, 1936, the defendant below was the owner of a ceramics plant in Middlesex county. Some time prior thereto it gave one Dunham, a contract to build a factory building on its premises which are enclosed by a fence. Dunham subcontracted the roofing work to a roofing company of which the plaintiff below was the president. The evidence tends to show that on February

27th, the plaintiff, in order to see how far the work on the building had progressed to ascertain when his company could proceed with the roofing, drove to defendant's premises and entered the same at the gate at which there was a sign reading "report at gate house," which he did not do. He arrived at the gate about nine-ten A. M. He did not ask for permission or report at the gate house or inquire for instructions. He knew there was a gate man in attendance at the gate house. He drove through the plant, past the main office in which the superintendent was located, to within one hundred feet of the new building. He testified that he was satisfied to take the chance of how to get to the roof himself. He did not ask anyone in authority how to get to the roof. He entered the new building and looked for means to get on the roof to inspect it and found none. Thereupon he walked into the "old building" of defendant's which was adjacent to the new building and started to use a flight of steel or concrete stairs leading from the first to the second floor in a part of the "old building" which was largely out of use. When plaintiff came to the second floor the room was dark and he had trouble to see where he was going, but he found a door there. He went to this door "to go upstairs." He opened it, took a step and felt himself falling, and he fell down an elevator shaft and thus sustained the injury for which this suit was brought, and for which he received a verdict, and the judgment from which the defendant appeals.

Now the defendant insisted at the trial, and now insists, among other things, that the plaintiff exceeded the limits of any alleged implied invitation to be on defendant's premises, and was therefore a mere licensee where and when he was injured, and hence that the only duty owing to him by the defendant was to refrain from acts willfully injurious.

It is, of course, well established that the liability of an inviter is circumscribed by the invitation, and does not extend to invitees whose injuries are received while using the premises not within the limits of the invitation, and the mere passive acquiescence by the owner in a certain use of his property imposes no obligation upon him to keep it in a safe

condition for the benefit of the user. *Ryerson* v. *Bathgate,* 67 *N. J. L.* 337; *Nolan* v. *Bridgeton and Millville Traction Co.,* 74 *Id.* 559; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Bonfield* v. *Blackmore,* 90 *Id.* 252; *Gavin* v. *O'Connor,* 99 *Id.* 162; *Liveright* v. *Lifsitz Furniture Co.,* 117 *Id.* 243.

That rule (amongst others) was invoked by the defendant below, and is invoked here, but we need not now dwell further upon the evidence in connection with which it was to be considered. It will be sufficient for present purposes to examine an error in the charge of the court which we deem to be insurmountable.

The record discloses that the learned trial judge refused to charge defendant's request No. 5 which was as follows:

"If you find from the evidence in this case that the plaintiff was a licensee on the premises of the defendant, then your verdict must be for the defendant, unless you find that the defendant willfully and maliciously caused the plaintiff his injury."

Instead of charging that proper request he varied it (after reading it to the jury) by adding to the request the following:

"I want to say in connection with that that *I don't think* you will find in this case that *he was merely a licensee,* but that he was an *invitee on the premises,* and, therefore, this paragraph will not apply in this case."

Of course the "paragraph" which the judge referred to was request No. 5.

It is important to observe that theretofore the trial judge in another part of his charge left to the jury the question whether or not the plaintiff had exceeded the limits of his invitation to be on defendant's premises and had thereby become a licensee; and as to that the plaintiff in his brief says, "we think the court properly submitted this question to the jury." Instead of charging request No. 5 the court read it to the jury and stated immediately thereafter that: *"I don't think you will find* in this case that *he was merely a licensee,* but that *he was an invitee on the premises,* and therefore, *this paragraph will not apply in this case."* In other words, in one part of the charge the court left it for

the jury to say whether or not the plaintiff exceeded the limits of his invitation by making use of the "old building" and thereby became a licensee, and in another part of the charge he charged the jury that the plaintiff was an invitee. Hence it is obvious that the charge is inconsistent and confusing. The plaintiff was injured not on the new building he came to inspect, but in the "old building." The question was whether or not at that point, in that place, the plaintiff was there by implied invitation or as a licensee. Hence the instruction complained of was erroneous and harmful to the defendant.

The injurious error in charging in response to the request was not in anywise cured or rendered harmless by the fact that the correct rule had been stated to the jury in the body of the charge; for a jury is not allowed to judge which is right between two conflicting statements of the law. *State* v. *Clayton*, 83 *N. J. L.* 673; *Niebel* v. *Winslow*, 88 *Id.* 191; *State* v. *Marlin*, 92 *Id.* 436. The erroneous instruction could only be cured by withdrawing it and substituting therefor a correct instruction. *Padayao* v. *Severance*, 116 *Id.* 385. That was not done.

That request No. 5 which the court stated "will not apply in this case" was a proper statement of the law and should have been charged as requested, cannot, it seems, be denied. *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.*, 91 *N. J. L.* 145.

The judgment will be reversed, and a new trial awarded. Costs to abide the event.