KATHERINE CARR AND WALTER CARR, PLAINTIFFS-RESPONDENTS, v. JOHN HAGERICH, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided May 27, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Wilbur A. Stevens, William Wann* and *John V. Fiore*.

For the plaintiffs-respondents, *Edward F. Broderick* and *Griffith Vaughan*.

BODINE, J. The plaintiffs, husband and wife, recovered damages for injuries suffered on defendant's premises, a restaurant and tavern, in Morris Plains on the evening of April 17th, 1938. They had gone to the premises to purchase

cocktails. For some reason, they did not use the front entrance but went around to the side of the building. At this place was a service entrance with a screen door upon which was printed the words "Keep Out." Beyond was a doorway leading to the cocktail bar. The service entrance was not lighted; the other entrance was. The plaintiff husband opened the service door, in spite of the sign and in spite of the fact that the entry was dark, permitting his wife to enter. She took two steps forward and fell down the cellar steps and he followed.

There was error in the failure of the court to grant a nonsuit or direct a verdict for the defendant. The liability of the owner or occupier of land to his invitees is circumscribed by his invitation. *Ryerson* v. *Bathgate*, 67 *N. J. L.* 337; *Guse* v. *Martin*, 96 *Id.* 262; *Carey* v. *Gray*, 98 *Id.* 217; *Gavin* v. *O'Connor*, 99 *Id.* 162; *Liveright* v. *Max Lifsitz Furniture Co.*, 117 *Id.* 243; *Wright* v. *General Ceramics Co.*, 120 *Id.* 33.

There was no implied invitation to enter this tavern by a dark service entrance clearly marked with the words "Keep Out." Hence, there was no duty owing to the plaintiffs save to refrain from causing willful injury.

The judgment is reversed.