### HANSON v. LEHIGH VALLEY R. CO.
### No. 7535.

Circuit Court of Appeals, Third Circuit.

May 8, 1941.

Charles W. Broadhurst, of Jersey City, N. J. (Collins & Corbin, and Edward A. Markley, all of Jersey City, N. J., on the brief), for appellant.

Gerald T. Foley, of Newark, N. J. (Foley & Francis, of Newark, N. J., on the brief), for appellee.

Before MARIS, CLARK, and JONES, Circuit Judges.

CLARK, Circuit Judge.

The question of this appeal is both narrow and close. Such closeness is often inherent in the discovery of the line of demarcation between the functions of court and jury. It is particularly prevalent when the substantive rule itself is in some confusion. Law professors at both Oxford and Cambridge have criticized the state of the law on liability for "condition and use of land".[1] The don from Oxford says: "This chapter shows how closely the English and the American law of torts are related, for, instead of establishing a rational system based on the general principle that a possessor of land should be under a duty of reasonable care depending on the facts of each case, the American law has imported from England all the complicated rules concerning business visitors, licensees, trespassers, etc. A French professor, who has been studying the

---

[1] 2 Restatement of the Law of Torts, Chapter 13, Liability for Condition and Use of Land; Goodhart, Restatement of the Law of Torts, 83 University of Pennsylvania Law Review 968; Winfield, The Restatement of the Law of Torts—Negligence, 13 New York University Law Quarterly Review 1; cf. Harper, Torts, § 98; 3 Cooley, Torts, 4th Ed., § 440; Bohlen, Studies in the Law of Torts, p. 49; Green, Landowner v. Intruder; Intruder v. Landowner, Bases of Responsibility in Tort, 21 Michigan Law Review 495; Goodrich, Landowner's Duty to Strangers on His Premises—As Developed on the Iowa Decisions, 7 Iowa Law Bulletin 65; Torts—Liability of Proprietor of Business Premises—Licensees and Business Visitors, 27 Michigan Law Review 718 (note); Negligence—Invitees—Extent of Invitation, 17 Oregon Law Review 47, 48, 49 (note).

English law of tort, recently wrote that these strict, detailed, and often arbitrary rules seemed to him the least happy part of the body of law which, at best, he seemed to regard with more surprise than admiration. Only one thing can be said in favor of the American law: where there is a difference between it and the English law, the advantage seems, as a rule, to be on the side of the American." Goodhart, Restatement of the Law of Torts, 83 University of Pennsylvania Law Review 968, 985, 986.

Because of the lack of some such simple rule the courts are forced to struggle with evanescent distinctions of law and terminology among licensees, bare licensees, invitees, business guests, and patrons, and to follow the chameleon changes of one into the other. In the case at bar, the transformation is from invitee to licensee. That transformation depends in its turn upon a not always clear subsidiary principle. It has been stated by a leading text writer:

"A person is only an invitee as long as he keeps within the limit of his invitation. * * * The invitation may be limited as to space, time, and method of user of the premises. * * *

"The invitee must use the premises in the manner contemplated by the terms, express or implied, of the invitation. If he uses them in a different manner he loses the protection to which he is entitled as an invitee. In the words of Lord Atkin: 'This duty to an invitee only extends so long as and so far as the invitee is making what can reasonably be contemplated as an ordinary and reasonable use of the premises by the invitee for the purposes for which he has been invited. He is not invited to use any part of the premises for purposes which he knows are wrongfully dangerous and constitute an improper use.' As Scrutton, L. J. has pointedly said:

'When you invite a person into your house to use the staircase you do not invite him to slide down the bannisters.'" Charlesworth, The Law of Negligence, pp. 173–175.[2]

Other writers speak of "exceeding the invitation"[3] or of "uses which are outside the scope and purpose of the invitation"[4] and in New Jersey the courts employ the expressions "coextensive with",[5] "not within the limits of"[6] or "circumscribed by",[7] the invitation.

As we are dealing with entrance upon property, we may expect to and do find a majority of precedents based on spatial considerations. This seems particularly so in New Jersey.[8] The manner and purpose of use are, as we have seen, equally relevant to what the landowner should be required to expect. As the distinctions are all factual, citation of authority is only suggestive. We might mention two cases where the use was held to exceed the invitation as matter of law. In one, a fire escape had been converted into a clothes' line[9] and in the other a pig iron pile had served as a fulcrum for car loading.[10]

In the case at bar the plaintiff was hurt because of an allegedly unchocked and carelessly braked freight car. He was the job superintendent of a wrecking contractor, Merberg & Sons. His "master" was engaged in tearing down the buildings of the American Sugar Refining Company in Jersey City. As is known, part of the profit in such operations comes from the salvage. The defendant company furnished steel gondola cars to carry away the metal scrap. The cars were run in on a siding that bisected the sugar refining plant. This was the position of the car whose unexpected movement caused the injury.

The track ran and the car was placed between a 90 foot wall being pulled down

2 Cf. 3 Cooley, Torts, 4th Ed., § 440, p. 193.

3 Torts—Licensee and Invitee—Determination of Status of Visitor Upon Premises, 18 North Carolina Law Review 360, 361, 362 (note).

4 45 C.J., Negligence, § 243d, p. 836.

5 Ryerson v. Bathgate, 67 N.J.L. 337, 51 A. 708, 57 L.R.A. 307.

6 Wright v. General Ceramics Co., 120 N.J.L. 33, 197 A. 899, 900.

7 Carr v. Hagerich, 125 N.J.L. 2, 13 A.2d 494.

8 Phillips v. Library Co., 55 N.J.L. 307, 27 A. 478; New York & N. J. Tel. Co. v. Speicher, 59 N.J.L. 23, 39 A. 661;

Ryerson v. Bathgate, 67 N.J.L. 337, 51 A. 708, 57 L.R.A. 307, above cited; Ackley v. West Jersey & S. R. R. Co., 76 N.J.L. 741, 71 A. 273; Carey v. Gray, 98 N.J.L. 217, 119 A. 176; Liveright v. Lifsitz Furniture Co., 117 N.J.L. 243, 187 A. 583; Cortright v. Trustees of Rutgers College, 120 N.J.L. 246, 198 A. 837; Carr v. Hagerich, 125 N.J.L. 2, 13 A.2d 494, above cited.

9 Thyken v. Excelsior L. Assur. Co., 11 Alta, L. 344, 34 Dominion Law Report 533.

10 La Veer v. Hanke Iron, etc., Works, 187 Ill.App. 481.

and a crane doing the pulling. The method (a common one) of demolition was to attach a cable to the top of the wall and then to the loading drum of the crane. The hypotenuse of the triangle crossed the railroad siding at an elevation which brought the ⅞ inch steel cable in contact with one edge of the car. The plaintiff superintendent wished to soften this contact and thus avoid deleterious scraping of the cable. He adopted the simple expedient of placing an old plank (8'x3"x8") between the cable and the car top. While he was so engaged, the car rolled forward and the plank injured his legs.

We think these facts bring the case within the "outside of purpose" or "excess of limitation" rule as a matter of law. The invitation to the wrecking contractor's employees went no further than the loading of defendant's freight cars. The method by which the material to be loaded was procured was none of its concern. So the defendant-railroad company was not interested in the particular arrangement of wall, cable and crane. A fortiori it was not interested in the protection of the cable. In acting to preserve it from friction, plaintiff was serving his own employer's purpose and not coming within any use sanctioned by the railroad company. That the source of the friction was the defendant's car was fortuitous. The car could and would be loaded even if the cable was frayed. The learned trial judge was therefore in error in leaving the question of invitation to the jury.

As the decision on this question is dispositive of the case, we shall, without reviewing the other questions, decree that the judgment below be reversed, a venire de novo issue and that any further proceedings had shall be conformable with this opinion.